# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**CASSANDRA LEE MORROW**                                                    **PLAINTIFF**

**VS.**                                                    **CAUSE NO. 3:13-CV-00276-NBB-SAA**

**KROGER LIMITED PARTNERSHIP I**
**and MICKEY MANCINI**                                                    **DEFENDANTS**

**CONSOLIDATED WITH**

**SAVANNAH BARRON**                                                    **PLAINTIFF**

**VS.**                                                    **CAUSE NO. 3:13-CV-00305-NBB-SAA**

**KROGER LIMITED PARTNERSHIP I**
**and MICKEY MANCINI**                                                    **DEFENDANTS**

## ORDER

The undersigned conducted a final pretrial conference with the parties this date. In response to plaintiff's proposed list of witnesses to be called at trial, defendants objected to plaintiffs calling Kaitlyn Kopf and Karen Morrow because they were not identified in Plaintiff's Initial Disclosures or later supplements to the disclosures. Plaintiffs have responded that the proposed witnesses are not a surprise to defendants and will not prejudice them. As to Karen Morrow, who is plaintiff Cassandra Le Morrow's mother, plaintiff's did provide her name in initial disclosures, but incorrectly identified her as "Tammy" Morrow. In addition, plaintiff Morrow discussed both Kaitlyn Kopf and Karen Morrow [referring to Karen Morrow repeatedly as Mother or Mom] during her deposition in October of 2014. In addition, at the deposition, defense counsel asked for more information about Kaitlyn Kopf, obtaining her contact information from plaintiff Morrow.

The relevant portions of Rule 26 read as follows:

**(a)** **Required Disclosures**
  **(1)** *Initial Disclosure.*
    **(A)** [A] party must, without awaiting a discovery request, provide to the other parties:
      **(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims . . . .
    . . . .
  **(3)** *Pretrial Disclosures.*
    **(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information . . . :
      **(i)** the name and, if not previously provided, the address and telephone number of each witness . . . .

The facially obvious intent of these disclosure requirements are to prevent "trial by ambush," situations where a party is forced to respond to witnesses about whom that party had no information and no reason to obtain information before their testimony is offered. There is no question that plaintiffs did not comply with the formalities of the Rule: they never filed a written, signed supplement to correct Karen Morrow's first name or to add Kaitlyn Kopf and her contact information. Nevertheless, the defendants do not dispute that the received the information required to be disclosed during plaintiff Morrow's deposition, which took place on October 9, 2014, almost two months before the December 5, 2014 discovery deadline.

Because the defendants did have the required information, albeit in a different form than that specified, the court holds that the defendants objections to plaintiffs' listed witnesses Kaitlyn Kopf and Karen Morrow are OVERRULED.

This, the 19th day of March, 2015.

                                         s/ S. Allan Alexander
                                         UNITED STATES MAGISTRATE JUDGE